PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2001
THOMAS K. KAHN
CLERK

_____

No. 99-11451

_____

D. C. Docket No. 95-03193-CV-RWS-1

THERATX, INC.,

Plaintiff-Counter-Defendant-
Appellee-Cross-Appellant,

versus

JAMES DUNCAN,
TIMOTHY S. SMICK, et al.,

Defendants-Counter-Claimants-
Appellants-Cross-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(June 25, 2001)**

Before BIRCH, BARKETT and ALARCON*, Circuit Judges.

_____
*Honorable Arthur L. Alarcon, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

BIRCH, Circuit Judge:

In <u>TheraTx, Inc. v. Duncan</u>, 234 F.3d 1240 (11th Cir. 2000), we certified the following question to the Supreme Court of Delaware:

> What is the proper measure of damages when a defendant's contractual obligation to cause a shelf registration, under which plaintiff is entitled to trade a restricted stock, to remain in effect for a specified period of time is breached by defendant's temporary suspension of plaintiffs' ability to trade the restricted stock?

<u>Id</u>. at 1251. After a thorough review of the question, the Supreme Court of Delaware issued the following opinion:

> Under Delaware law, contract damages caused by the temporary suspension of a shelf registration in violation of the terms of a contract are measured by calculating the difference between (1) the highest intermediate price of the shares during a reasonable time at the beginning of the restricted period and (2) the average market price of the shares during a reasonable period after the restrictions were lifted.

<u>Duncan v. TheraTx, Inc.</u>, __ A.2d __ (Del. June 1, 2001).

Accordingly, we REMAND the to the district court with instructions to enter damages for Duncan, et al., calculated in the manner described by the Supreme Court of Delaware.

2